OPINION OF THE COURT
Scott Fairgrieve, J.
*778 The issue before this court is whether there is a legally prescribed form or format for a verdict sheet in a criminal action.
The defendant, Matty Ferrante, was charged with Vehicle and Traffic Law § 1192 (2) (driving while intoxicated per se) and three additional Vehicle and Traffic Law traffic infractions. Vehicle and Traffic Law § 1192 (1) (driving while ability impaired) was charged to the jury as well.
The Assistant District Attorney and defense counsel reviewed the jury instructions and the five verdict sheets during periodic bench conferences. The defense counsel requested that the order in which the verdicts appeared on the verdict sheets be reversed to read “not guilty” before “guilty,” which was granted by this court. After the sheets were modified, the prosecution subsequently requested that the listing of the verdicts on the verdict sheet be restored to their original appearance (the word “guilty” appearing before “not guilty” on the same line).
Factual Analysis
In the instant case, the court prepared five verdict sheets (one verdict sheet for each charge). The first paragraph on each verdict sheet provided the count number of the charge, in bold capital text, and was followed by the charge itself, in capital text. The second paragraph on each verdict sheet set forth in capital text the words “[w]e the jury find the defendant” followed by three blank lines so as to set off the third paragraph. The third paragraph set forth in capital text the words “not guilty” followed by approximately 15 underlined spaces, then approximately 8 blank spaces, and then the word “guilty” followed by a second set of 15 underlined spaces. Provided below is an example of how the verdict sheet appeared for count 1.
“COUNT 1. VEHICLE & TRAFFIC LAW § 1192 (2)— DRIVING WHILE INTOXICATED
“WE THE JURY FIND THE DEFENDANT
“NOT GUILTY_ GUILTY_”
The verdict sheet for count 1 has been included in this opinion for reference.
The prosecution argued that the word “guilty” ought to be listed on the verdict sheet first so as to allow the jury to *779 determine if the prosecution had met its burden of proving guilt beyond a reasonable doubt, and, if not, to allow the jury to move on to “not guilty.”
Legal Analysis
The court does not find the prosecution’s argument convincing, thereby warranting the denial of defense counsel’s request and overturning the court’s previous ruling to grant the defense counsel’s request to have the words “not guilty” appear before “guilty” on the verdict sheets.
CPL 310.20, entitled “Jury deliberation; use of exhibits and other material,” provides, in relevant part, that:
“Upon retiring to deliberate, the jurors may take with them: . . .
“2. A written list prepared by the court containing the offenses submitted to the jury by the court in its charge and the possible verdicts thereon. Whenever the court submits two or more counts charging offenses set forth in the same article of the law, the court may set forth the dates, names of complainants or specific statutory language, without defining the terms, by which the counts may be distinguished; provided, however, that the court shall instruct the jury in its charge that the sole purpose of the notations is to distinguish between the counts 55
Furthermore, CPL 310.50 (1), entitled “Verdict; form; reconsideration of defective verdict,” provides, in pertinent part, that “[t]he form of the verdict must be in accordance with the court’s instructions, as prescribed in article three hundred.”
Additionally, 34 NY Jur 2d, Criminal Law § 2530, notes that
“[t]he form of the verdict must be in accordance with the court’s instructions, as prescribed by statute. However, rigid adherence to form is not expected. A verdict is a definitive act of the jury and is sufficient in form if it decides each question in issue in such a way as to enable the court to enter judgment.”
In People v Williamson (267 AD2d 487, 491 [1999], appeal denied sub nom. People v Maleek, 94 NY2d 882 [2000]), the Court held that a verdict sheet which contained blank spaces next to each of the counts and thus did not contain “not guilty” as a possible verdict was not prejudicial error. As asserted in *780 dicta, because the Court “fully instructed the jury on its possible verdicts,” the assertion of prejudicial error is further lacking in merit (id.). In People v Piazza (48 NY2d 151, 165 [1979]), the Court prepared a verdict sheet which listed the offenses and all possible verdicts that could be reached. Defense counsel alleged that as such, the verdict sheet was “so unfair as to have ‘commanded a conviction.’ ” The Court noted that, although the verdicts fully complied with CPL 310.20, the inclusion of “not guilty of anything” as well as 15 possible permutations of the charges under which the defendant could be found guilty “unduly emphasized the options of guilt.” (48 NY2d at 165.) However, because the jury periodically requested reinstruction on each charge, the Court held that any error inherent in the verdict sheet was rendered harmless. The Court also remarked that an instruction to find the defendant “guilty” or “not guilty” on each count would have been “the better course.” (Id.)
In the case at bar, complete jury instructions were read to the jury on each count detailing that the People had the burden of proving the defendant guilty beyond a reasonable doubt. The verdict sheets contained both verdicts “guilty” and “not guilty” and the verdict sheets did not list any permutations thereof. Furthermore, the court instructed the jury on its possible verdicts. The verdicts on the verdict sheets, coupled with coherent and complete jury instructions, do not produce prejudicial error. Moreover, on the “2002 Judge’s Orientation Manual” verdict sheet rubric, the verdicts appeared in the order “not guilty” before “guilty.” This court is in compliance with CPL 310.20 and 310.50. It is within the court’s discretion to list the order of the verdicts on the verdict sheet as long as the court is in compliance with CPL 310.20 and 310.50.
Accordingly, in the interests of fair play and justice, this court shall permit the words “not guilty” to appear before the word “guilty” on the verdict sheets.